IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES RONNIE MYGATT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-05-156 |
| | § | |
| DAVID R. GARZA, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

### I. BACKGROUND AND PROCEEDINGS

Plaintiff Charles Ronnie Mygatt ("Mygatt"), a state prisoner proceeding *pro se*, filed this civil action alleging a violation of his First Amendment rights under 42 U.S.C. § 1983. His complaint alleged that Defendant Garza, a guard at his place of incarceration, violated his constitutional rights when Garza touched religious items from Mygatt's Native-American "medicine bag," while conducting a search of his jail cell. This Court dismissed the action in an order signed May 7, 2005 for failure to state a claim. (D.E. 10). Final judgment was entered on May 11, 2005. (D.E. 11).

On June 6, 2005, the Clerk received from Mygatt a motion for extension of time, in which he sought to "correct" his failure to state a claim. (D.E. 12). That motion was deemed moot. He then filed a motion to amend his complaint, received June 22, 2005 (D.E. 13), and two additional requests for the "status" of the case, received July 14, 2005 and August 11, 2005, respectively. (D.E. 14, 15). On September 28, 2005, the Clerk received from Mygatt a motion to reinstate the case. (D.E. 17). His motion to amend his complaint (D.E. 13) and motion to reinstate his case (D.E. 17) are now pending before the Court and are addressed herein.

1

## II. ANALYSIS

**A.     Motions to Amend and to Reinstate**

In his motion to amend and his motion to reinstate his case, Mygatt argues that this Court erred in dismissing his case for failure to state a claim. He emphasizes in both motions that there is a TDCJ policy prohibiting guards from touching items in a Native-American medicine bag, even during searches. He claims that the policy instead requires a visual inspection by the guard, with the physical assistance of the inmate to move items within the bag, to ensure that none of the items are "desecrated," per the inmate's religious beliefs. The policy, however, was mentioned in his original complaint and is thus not a new or amended fact.

The Court does not have authority to "reinstate" his case, nor can it allow him to amend a Complaint that has already been dismissed. Instead, it construes his motion as a motion to reconsider the judgment. Because his motion to amend was filed more than ten days after entry of the judgment, Rule 59 of the Federal Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, the Court construes his motions as a combined motion seeking relief under Rule 60(b), Fed. R. Civ. P.

Rule 60(b) permits a court, on motion and upon such terms as are just, to relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th

Cir. 1984).

Plaintiff does not assert any grounds that fall within the above categories. Accordingly, he is not entitled to relief under Rule 60(b). His motion to amend and motion to reinstate his case (D.E. 13, 17) are therefore DENIED.

**B.      Mygatt's Appeal**

The Court also addresses whether any of the documents filed by Mygatt should be construed as a timely notice of appeal.   Judgment was entered on May 11, 2005. Pursuant to Rule 4, Fed. R. App. P., any appeal from the judgment was required to be filed not later than thirty days after entry of judgment, or by June 10, 2005. Fed. R. App. P. 4(a)(1)(A).

First, the Court considers whether the first motion Mygatt filed after judgment could be construed as a timely notice of appeal. As previously noted, Mygatt filed a "motion for extension of time" within the thirty-day period for appealing. (D.E. 12).[1] In that brief motion, Mygatt sought an extension of time to file an "amendment to correct failure to state a claim and resolve issue of frivolous." [sic] (D.E. 12 at 1). Thus, while the document was filed within the time period for appealing, the Court cannot construe it as a notice of appeal because nowhere in the motion does Mygatt evidence an intent to appeal. Rather, he merely indicates a desire to amend his complaint.

In Mygatt's motion to amend, however, he has indicated an intent to appeal. Specifically, the prayer for relief contained within his motion to amend requests the alternative remedy that a "C.O.A. be issued and notice of appeal be accepted." (D.E. 13 at 5). Mygatt's motion to amend was received by the Clerk on June 22, 2005, but was dated June 17, 2005. Even if the Court assumed it was delivered to prison officials for filing on the earlier date, thus resulting in the motion being deemed

---

[1] The motion for extension was received by the Clerk on June 6, 2005.

filed as of the earlier date, it is not a timely filed notice of appeal. Instead, it was filed approximately seven days late.

A district court may extend the time to file a notice of appeal only under limited circumstances. In this case, the pertinent provision is Fed. R. App. P. 4(a)(5). This rule allows the Court to extend the time for filing a notice of appeal upon a motion of a party within thirty days of the expiration of the appellate deadline, if that party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Mygatt's motion to amend was filed within that 30-day window, and thus could be construed both as a notice of appeal and an extension of time to appeal. So construed, this Court could grant his motion for extension of time upon finding excusable neglect or good cause.

A showing of excusable neglect or good cause is a difficult one to make. As the Fifth Circuit has recognized:

> The burden of establishing excusable neglect is upon an appellant, even one proceeding pro se. Our circuit's rule is that the excusable neglect standard is a strict one, requiring more than mere ignorance. Failure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect. Other unique circumstances may render the dismissal unfair. The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable. Courts should sanction deviations from the letter of the rules only on the most compelling showing that the purposes of the rules are served.

Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (numerous internal citations omitted).

In this case, it is clear that Mygatt received notice of the judgment and the order of dismissal before the time period for filing a notice of appeal had expired, because he referenced the Court's order in his June 6, 2005 motion for extension. Thus, he cannot claim that he failed to learn of the entry of judgment. Moreover, he has not set forth any facts that would show that his failure to timely file a notice of appeal was due to excusable neglect or good cause. Accordingly, Mygatt is not

entitled to an extension of time to appeal, and his motion to amend cannot be construed as a timely notice of appeal. Moreover, to the extent it can be interpreted as a motion for extension of time to appeal, the motion is DENIED.

### III. CONCLUSION

For the reasons discussed herein, Mygatt's motion to amend his complaint and his motion to reinstate his case (D.E. 13, 17) are DENIED. Additionally, to the extent his motion to amend his complaint can be construed as a motion for extension of time to appeal, it is DENIED.

It is ORDERED this 7th day of November 2004.

_____
Janis Graham Jack
United States District Judge